FILED & JUDGMENT ENTERED
Steven T. Salata

July 26 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CINDY SMITH LAMMONDS ) | CASE NO. 15-30158 |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | |

**ORDER REGARDING DEBTOR'S MOTION TO ABANDON REAL PROPERTY, AND TRUSTEE'S REQUEST TO BE SUBSTITUTED AS SELLER TO TRANSFER REAL PROPERTY**

**THIS MATTER** came on for consideration before the Court for hearing upon a motion filed by the Debtor in this case on 5 July 2017 seeking an order directing the Trustee to abandon certain real property located at 7907 Teakwood Drive, Indian Trail, North Carolina (hereinafter "Real Estate"), so that the Debtor could complete a sale of the Real Estate pursuant to a contract signed by the Debtor on or about 28 June 2017. At the time that she signed the contract, the Debtor was in this pending bankruptcy case, said case having been converted from a Chapter 13 case to a Chapter 7 on 6 June 2017. Consequently, without court approval, the Debtor had no authority to execute a contract for the sale of the property, as the Debtor is unable to transfer said property without abandonment, or joinder by the Trustee.

The Court notes that this case was originally filed as a joint Chapter 13 case by the Debtor and her husband. The husband of the Debtor died in December, 2016 and as a result this case was dismissed as to him. Currently, the Debtor is the only person in this bankruptcy case, and, by virtue of the death of her husband, is the sole owner of the Real Estate that was previously owned by the Debtor and her now-deceased husband as tenants by the entirety.

When the matter was called for hearing, the Debtor appeared through her counsel, Matthew Crow, and the Trustee appeared and served as his own counsel.

The matter is complicated further by the fact that the conduit mortgage payments that the Debtor made during the pendency of the superseded Chapter 13 case were apparently misdirected and applied to another loan in the name of the mother of the Debtor. Consequently, it is unknown as to the exact payoff of the Nationstar

Mortgage, LLC Deed of Trust as to the property now owned by the Debtor, as payments which should have been applied to that loan have been applied to a different loan, and it is necessary that the two (2) loans be reviewed and recalculated.  This fact is important because the contract, which both the Debtor and Trustee agree is a good contract, calls for a closing date of 27 July 2017.

In order to preserve the benefit of the contract, the Trustee requested that he be substituted as the Seller, and that he be authorized to transfer the property to the buyer by Special Trustee's Deed.  The Debtor was in agreement with this procedure.  The Trustee and Debtor advised the Court that the purchase price is substantially in excess of the mortgage payoff of Nationstar Mortgage, LLC, even without a reduction due to the misapplied payments.  Consequently, any interest of Nationstar Mortgage, LLC in the real property would be protected by transferring its lien, to the extent valid, to the proceeds of sale, which said proceeds of sale will be held by the Trustee pending further order of this Court.  As part of her motion for abandonment, the Debtor estimated that the net to her, as exempt property, would be approximately $17,203.00.  The Court, being mindful of the need of the Debtor for funds, will direct that the Trustee pay $8,500.00 to the Debtor upon receipt of funds from the closing, with the remainder of the Debtor's exemption to be disbursed at a later date, subject to further order of this Court.  The Trustee has no objection to disbursing that much of the exemption to the Debtor.

This is an unusual situation, but this Court is of the opinion that allowing the Trustee to proceed with the sale of the property, to escrow the funds, and then determine the claim of Nationstar Mortgage, LLC, will be in the best interest of creditors of this estate.  The remedy contained in this order is supported by the fact that along with her motion seeking abandonment of the Real Estate, which was served on all creditors in this case, the Debtor fortunately served a copy of the contract for the sale of the Real Estate on all creditors.  Having reviewed the contract, no creditors objected to the proposed abandonment.  Consequently, as creditors have received a copy of the proposed contract and motion to abandon, and filed no objections, this Court is of the opinion that due process has been served due to the notice to creditors of the proposed sale, and as a result this Court will treat the motion, as modified in open court, as one to approve the sale of the Real Estate based on the contract that was served on all creditors, with the transfer to be by the Trustee, rather than by the Debtor.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Trustee shall be and he is hereby substituted as Seller (in his capacity as Trustee of the bankruptcy estate of the Debtor) in that certain Offer to Purchase and Contract dated 28 June 2017 between the Debtor and Blanca E. Canepa De Perez (Buyer), which said contract calls for a transfer of the property at 7907 Teakwood Road, Indian Trail, North Carolina for a purchase price of $120,503.00.  By this order, the Trustee is authorized to sell and transfer the Real Estate at that address to the Buyer, pursuant to the terms of the contract which, again, has been served on all creditors in this case.

**IT IS FURTHER ORDERED** that the transfer of the Real Estate to Blanca E. Canepa De Perez shall be by Special Trustee's Deed, with the Trustee holding in escrow the proceeds of sale, after payment of normal and

customary closing costs such as recording fees, revenue stamps, etc. At closing, there will be no payment to Nationstar Mortgage, LLC, as the lien of Nationstar Mortgage, LLC represented by the Deed of Trust in its favor shall attach to the proceeds being held by the Trustee, the amount of which will substantially exceed any payoff on the Nationstar Mortgage, LLC Deed of Trust. The purpose of the escrow and transfer of lien is to allow the parties time to calculate the correct payoff on the Nationstar Mortgage, LLC Deed of Trust as relates to the Real Estate being sold.

**IT IS FURTHER ORDERED** that the Trustee is authorized to disburse to the Debtor, Cindy Smith Lammonds, the sum of $8,500.00 representing a partial disbursement of her exemption claimed in the Real Estate.

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any and all necessary documents in order to complete the transaction contemplated by the contract dated 28 June 2017, according to its terms, including payment of a realtor's commission in the total amount of six percent (6%) of the purchase price.

**IT IS FURTHER ORDERED** that the transfer described herein shall be free and clear of the lien of Nationstar Mortgage, LLC, or its successors, with the lien of said Nationstar Mortgage, LLC to attach to the proceeds being held by the Trustee in this case.

*This Order has been signed electronically.*            *United States Bankruptcy Court*
*The Judge's signature and Court's seal*
*appear at the top of the Order.*